Per Curiam

*1119 TEXTO COMPLETO DE LA SENTENCIA
Los recursos ante nuestra consideración tienen su origen en una solicitud de revisión judicial que la peticionaria, Scotland Guard Service Inc. (Scotland), presentara ante el extinto Tribunal Superior, Sala de San Juan. En dicha solicitud, Scotland impugnó la adjudicación que la Junta de Subastas de la Autoridad de Acueductos y Alcantarillados (A.A.A.) hiciera en la subasta 94-SC-069, adjudicación que benefició a las recurridas, Saint James Security y Camiones Blindados Inc. Otra de las compañías de seguridad que participó como licitador en esa subasta, Commercial Security Guards (Commercial), también instó un recurso de revisión, el cual fue consolidado por el Tribunal Superior con aquél presentado por Scotland.
Así entablada la controversia, el Tribunal Superior dictó sentencia el 15 de septiembre de 1994, anulando la adjudicación realizada en la subasta y ordenó la devolución del caso al foro administrativo para nueva adjudicación. En esa sentencia, el tribunal concluyó que en el expediente de la agencia no constaba un informe que explicara la razón por la cual se adjudicó la subasta a los postores que hicieron la licitación más alta, tal y como lo exige el reglamento de subastas de la agencia. Durante este proceso, la A.A.A. no compareció en ningún momento para exponer su posición.
El 26 de septiembre, ese mismo tribunal emitió una sentencia nunc pro tune, en la que enmendó su dictamen anterior y pronunció que se anulaba la adjudicación recurrida y no la subasta, como había expresado anteriormente. Nuevamente, el tribunal de instancia devolvió el caso al foro administrativo para que este adjudicase la subasta "de acuerdo a las disposiciones legales aplicables".
Finalmente, en enero de 1995, y luego de una vista oral en la que se contó con la participación de la representación Legal de la A.A.A. y donde la agencia presentó una moción de reconsideración, el tribunal dictó sentencia enmendada en la que revocó su propia sentencia de 15 de septiembre anterior y determinó que la subasta impugnada era válida.
De esta sentencia recurrieron Scotland y Commercial ante el Tribunal Supremo mediante recurso de certiorari. En dicho recurso alegaron que erró el Tribunal Superior al convalidar la subasta, ya que la misma fue realizada en violación a varias disposiciones del reglamento de subastas de la A.A.A. Señalaron los peticionarios, además, que la A.A.A. utilizó memorandos con información falsa para adjudicar la subasta y para solicitar del tribunal de instancia la reconsideración de la sentencia de 15 de septiembre de 1994. El Tribunal Supremo denegó la expedición del auto solicitado. Posteriormente, y ante una moción de reconsideración presentada por los peticionarios, dicho tribunal dejó sin efecto su resolución y remitió el caso a este Foro apelativo, ya que era quien tenía competencia sobre el mismo, a tenor con la ley de la Judicatura de Puerto Rico de 1994, Ley Núm. 1 de 28 de julio de 1994.
Así las cosas, y estando pendiente ante este Tribunal la solución de los recursos la licitadora y *1120 recurrente Scotland presentó un escrito en el que solicitó que se diese por sometida la controversia (ante la falla de someter su alegato ante este Foro dentro del término reglamentario) pero informo, además, haber obtenido documentos que señalaban hacia la comisión de fraude al tribunal por parte de la A.A.A. Alegó Scotland que la Autoridad sabía, al momento de la vista de octubre de 1994, que las licitadoras Saint James y Camiones Blindados no habían depositado la fianza necesaria para participar en la subasta, por lo que no estaban legalmente cualificadas para licitar. La A.A.A. compareció por escrito ante nos y negó esta alegación. Solicitó, además, que el Tribunal de Primera Instancia celebrase una vista para dilucidar el asunto.
Mediante Resolución que emitiéramos el 1ro. de noviembre de 1995, se ordenó a las partes que reprodujeran ante el Tribunal de Primera Instancia sus alegaciones sobre esta supuesta evidencia esencial, y ordenamos a ese tribunal que considerase los planteamientos de las partes y resolviese a la mayor brevedad posible. Tanto Commercial como Scotland acataron la orden. La A.A.A, se opuso oportunamente a las mociones presentadas.
En este punto es necesario señalar que, ya en agosto de 1994, Scotland presentó una demanda en daños y perjuicios en el Tribunal de Primera Instancia (Sala Superior de San Juan), en donde alegó que la A.A.A. incurrió en discrimen al adjudicar la subasta y que dicha conducta le había causado daños.
No es sino hasta abril de 1996 que el Tribunal de Primera Instancia respondió a las mociones de relevo de sentencia presentadas por Scotland y Commercial, las que rechazó con un escueto no ha lugar, sin formular determinaciones de hechos ni conclusiones de derecho. Posteriores mociones de reconsideración presentadas por las recurrentes fueron igualmente declaradas sin lugar.
Nuevamente, mediante Resolución de 21 de enero de 1997, este Foro ordenó al Tribunal de Primera Instancia que dirimiese los señalamientos de las partes, lo cual podía requerir una vista oral, y formulase determinaciones de hechos y conclusiones de derecho dentro del plazo de treinta (30) días. En mayo de 1997 el Tribunal de Primera Instancia realizó la vista oral que sugiriéramos en nuestra Resolución de 21 de enero. En dicha vista estuvieron representados Scotland, Commercial, la A.A.A. y uno de los licitadores beneficiados por la subasta 94-SC-069, Camiones Blindados, Inc.
Como resultado de esta vista y del análisis de los documentos sometidos por las partes, la sala de instancia emitió una resolución con fecha de 18 de agosto de 1997. Determinó que no era necesario entrar a examinar las alegaciones de Scotland y Commercial sobre la alegada comisión de fraude por parte de la A.A.A., ya que todas las partes estaban contestes en que los servicios requeridos por la subasta impugnada ya habían sido prestados. Concluyó, en resumen, que la controversia se había convertido en académica.
Ante nos, Scotland y Comercial argumentan que la resolución dictada es errónea, pues según ellos, la controversia no es académica. Alegan que una determinación de este tribunal sobre los méritos de las controversias planteadas aun puede tener efectos prácticos. La situación de hechos antes expuesta y el derecho aplicable a la misma nos llevan a concluir que la razón favorece a las peticionarias. Veamos.
La doctrina de academicidad es una de las vertientes del concepto de justiciabilidad, concepto que, a su vez, marca los límites de la función judicial. Esta doctrina exige que, durante todas las etapas de un procedimiento judicial de carácter adversativo, incluyendo las etapas apelativas, exista una controversia genuina entre las partes. Noriega v. Hernández Colón, 135 D.P.R. _ (1994), 94 J.T.S. 35.
Pocos años luego de aprobada nuestra Constitución, el Tribunal Supremo de Puerto Rico señaló cuáles son las posibles situaciones que hacen académico un pleito ante los tribunales. Así, dentro de nuestro estado de derecho un pleito es académico cuando: (1) se intenta obtener un fallo sobre una controversia disfrazada que en realidad no existe, (2) se trata de obtener una determinación de un derecho antes de que éste haya sido reclamado o, (3) cuando, al dictarse sentencia sobre un asunto, ésta ya no puede tener efectos prácticos. E.L.A. v. Aguayo, 80 D.P.R. 552 (1958).
*1121 La jurisprudencia, sin embargo, ha delimitado una serie de excepciones a la doctrina de academi-cidad, excepciones que permiten la adjudicación judicial aún cuando el pleito en cuestión contenga elementos o características de academicidad. Se reconocen como excepciones a la doctrina de academicidad aquellos casos en que: (1) se plantea una cuestión recurrente-que por su naturaleza hace muy difícil dilucidarla nuevamente en los tribunales, (2) la situación de hechos ha sido cambiada por el demandado, pero no tiene visos de permanencia, (3) aparentemente el caso es académico, pero en realidad no lo es por sus consecuencias colaterales o, (4) el tribunal ha certificado el pleito como uno de clase, y la controversia se torna académica para un miembro de la clase, más no para el representante de la misma.Noriega v. Hernández Colón, supra; Vocero v. Junta de Planificación, 121 D.P.R. 115 (1988).
En el caso ante nuestra consideración, estamos ante la tercera de las excepciones antes expuestas. La subasta número 94-SC-069 realizada por la Autoridad de Acueductos y Alcantarillados, la cual dió origen al extenso trámite procesal que, en realidad, hemos reseñado sólo brevemente, tenía como objetivo la contratación de servicios de seguridad (consistentes en guardias armados y desarmados) para la protección de diversas facilidades de la A.A.A. Dado que como señalara el Tribunal de Instancia en su resolución, los servicios que contratara la A.A.A. ya han sido brindados (aspecto en el que todas las partes están de acuerdo), podría ser que el obtener un relevo de aquella sentencia de enero de 1995 que declaró válida la subasta impugnada no conduce a ningún lado, pues la misma no puede ser puesta en vigor nuevamente con un fin práctico. Sin embargo, la posible conducta fraudulenta que se alega observó la Autoridad, puede tener consecuencias colaterales sobre la procedencia de la acción de daños y perjuicios presentada por Scotland. Por lo tanto, dichas alegaciones deben ser examinadas a fondo y resueltas, si es posible, conjuntamente.
Ahora bien, como la determinación de si se cometió o no el alegado fraude y su efecto, si alguno, solo puede tener vigencia dentro del pleito de daños y perjuicios iniciado por Scotland, y en aras de la economía procesal, resolvemos que debe dilucidarse dicha controversia en el mencionado pleito. Cónsono con lo anterior, además, procede que dejemos sin efecto la sentencia dictada por el tribunal recurrido, el 12 de enero de 1995, objeto de los recursos Núm. KLCE-95-00601 y Núm. KLCE-95-00892, para que así éste pueda pasar juicio sobre la corrección de la adjudicación de la subasta, incluyendo lo relativo al alegado fraude. De esta manera, se resolverá todo lo concerniente a la adjudicación de la subasta, así como la reclamación de daños y perjuicios instada por Scotland. Debemos, además, expedir el auto de certiorari en el caso Núm. KLCE-96-00642 revocando la resolución del tribunal reunido del 18 de agosto de 1997, que declaró académica la controversia de autos.
Por los fundamentos antes expuestos, se expiden los tres autos solicitados y se deja sin efecto la sentencia dictada por el Tribunal Superior, Sala de San Juan, el 12 de enero de 1995 en los casos KAC-94-0507 y KAC-94-0542 para que el Tribunal de Primera Instancia tenga la oportunidad de pasar juicio sobre todas las controversias presentadas por las partes y determinar lo que en derecho proceda, incluyendo la concesión de daños a la parte que reclamó los mismos. También se revoca aquella parte de la Resolución de 18 de agosto de 1997 del Tribunal de Primera Instancia, Sala Superior de San Juan, mediante la cual determinó que la controversia era académica. En consecuencia, el caso ante dicho Foro, KAC-94-1288 (803), sobre daños y perjuicios, continuará su trámite en forma consistente con loa quí dispuesto.
Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIO 98 DTA 96
1. De esta resolución recurrió ante nos la licitadora Commercial mediante certiorari Núm. KLCE-96-00642) recurso que hemos consolidado con aquellos dos que nos fueran remitidos por el Tribunal Supremo.